# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**ELIZABETH FOSTER, WIDOW OF VIRGIL L. FOSTER,**
**Claimant Below, Petitioner**

**FILED**
March 30, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0416**  (BOR Appeal No. 2050940)
(Claim No. 2014007355)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**AND**

**GLASSWARE ACQUISITION, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Elizabeth Foster, widow of Virgil L. Foster by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of Insurance Commissioner by Noah A. Barnes, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 28, 2016, in which the Board affirmed the October 29, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 17, 2014, decision denying Mrs. Foster's request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Virgil L. Foster, the deceased, worked in various glass plants for forty-six years. He stopped working in August of 2002. Mr. Foster passed away on February 4, 2013. Elizabeth

1

Foster, his widow, submitted a claim for dependent's benefits on September 11, 2013. On October 17, 2014, the claims administrator denied Mrs. Foster's request for dependent's benefits based on the decision of the Occupational Pneumoconiosis Board.

Mr. Foster was seen by Ronald Mudry, M.D., on May 2, 2012, for a persistent cough and shortness of breath. Dr. Mudry noted he had a history of occupational inhalation. Dr. Mudry diagnosed asbestosis, cough, hypoxemia, and chest pain. A May 9, 2012, CT scan of the chest revealed diffuse interstitial thickening and bronchiectatic changes, most prominent in the lung bases. After the CT scan, Mr. Foster was seen by Dr. Mudry who noted the symptoms began ten years ago. Dr. Mudry diagnosed asbestosis, respiratory failure, and cough.

On June 27, 2012, A. Sabbagh, M.D., performed an echocardiogram which revealed inferior lateral moderate hypokinesis, mild mitral regurgitation, moderate to severe tricuspid regurgitation, and trace to mild aortic insufficiency. Mr. Foster returned to see Dr. Mudry for a pulmonary fibrosis reassessment on August 8, 2012. Dr. Mudry changed his medication and diagnosed chronic asbestosis, chronic respiratory failure, chronic cough, and chronic hypoxemia. On November 7, 2012, Dr. Mudry noted the asbestosis symptoms had been incapacitating. The diagnoses continued to be chronic asbestosis and chronic respiratory failure.

Mr. Foster returned to see Dr. Mudry on January 30, 2013, due to increased symptoms. He reported severe shortness of breath and constant, incapacitating symptoms. The diagnoses remained the same. Dr. Mudry referred him for Hospice Care. St. Joseph's Hospital records show the decedent passed away due to cardiac arrest on February 4, 2013. The Certificate of Death completed by Dr. Mudry on February 28, 2013 states that Mr. Foster died due to asbestosis.

On August 26, 2014, the Occupational Pneumoconiosis Board reviewed the medical evidence as well as the death certificate. It noted that no death summary or autopsy report was available. Additionally, no radiographs were available for interpretation. The Occupational Pneumoconiosis Board determined that occupational pneumoconiosis was not a material contributing factor in Mr. Foster's death.

In its October 29, 2015, Order, the Office of Judges determined that the Occupational Pneumoconiosis Board did not find evidence of pleural plaque and concluded there was insufficient evidence to diagnosis asbestosis. The Office of Judges noted that Mr. Foster had a chronic lung disease but that the Occupational Pneumoconiosis Board was unable to say his occupational exposure was a material factor in his death as they saw no evidence of asbestos disease. The Office of Judges saw no evidence that would demonstrate the Occupational Pneumoconiosis Board's decision was clearly wrong and affirmed the claims administrator's October 17, 2014, denial of dependent's benefits.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 28, 2016. After review, we agree with the Board of Review. While there is evidence that Mr. Foster had a lung condition, the Occupational Pneumoconiosis Board was not willing to state he had asbestosis based upon the evidence

2

submitted. Therefore, the Occupational Pneumoconiosis Board was not able to state that occupational pneumoconiosis was a material contributing factor in Mr. Foster's death. The Occupational Pneumoconiosis Board's analysis was supported by medical evidence. The Office of Judges and Board of Review relied on the findings and conclusions of the Occupational Pneumoconiosis Board. The request for dependent's benefits was properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 30, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker